IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CITY OF GREENSBURG,       ) | | |
|        Plaintiff,       ) | | |
|                                    ) | | |
| vs.                  ) | No. 2:15-cv-00480-TFM | |
|                                    ) | | |
| KEITH MAYDAK,           ) | | |
|        Defendant.       ) | | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND**

AND NOW, comes the Plaintiff, the City of Greensburg, by and through its counsel, Bernard T. McArdle, to file the within Brief in Support of Plaintiff's Motion for Remand, as follows:

FACTUAL HISTORY

Keith Maydak acquired record title to property within the City of Greensburg (24 Westminster Avenue) by Sheriff's deed dated March 16, 2006, for the consideration of $750. The property has on it a dwelling that is severely dilapidated.

The City of Greensburg has adopted the 2009 International Property Maintenance Code as its property maintenance code. (Complaint, ¶ 5). The procedure for addressing violations under the property maintenance code begins with the City's code officer issuing to the property owner a notice of violation identifying each violation, the code section of each violation, what is required to abate the violation, and the time in which to perform the

abatement.  The property maintenance code provides the property owner with the right to appeal the issuance of the violation notice to City Council.  (City Code, § 205-3D).

In this case, Greensburg's code officer issued a notice of code violations to Maydak on June 17, 2013.  (Complaint, ¶ 7).  Maydak appealed to City Council but failed to attend the appeal hearing, claiming to be out of the country pursuant to an unnamed treaty between the United States and Canada.  City Council denied his appeal.  (Complaint, ¶ 10).  Maydak then appealed from that denial to the Court of Common Pleas of Westmoreland County at No. 4749 of 2013, which affirmed the decision of City Council.  (Complaint, ¶¶ 11-12).  Maydak appealed to the Pennsylvania Commonwealth Court, which affirmed the Court of Common Pleas.  (Complaint, ¶ 13).  Maydak sought permission to appeal to the Pennsylvania Supreme Court, which was denied.  (Complaint, ¶ 14).

Greensburg's property maintenance code provides that the notice of violation may be enforced by an equity action.  (Complaint, ¶ 18).  Greensburg filed its Complaint seeking equitable relief in the form of an order directing Maydak to abate the code violations or, alternatively, directing Maydak to demolish the dwelling or, alternatively, permitting Greensburg to demolish the dwelling and to enter judgment against Maydak for the cost of demolition.  The Complaint was served pursuant to Pennsylvania Rule of Civil Procedure No. 404 on March 13, 2015.  Maydak filed a Notice of Removal with this Court on April 10, 2015.

ISSUES

1.	Should this action be remanded to the Court of Common Pleas of Westmoreland County because diversity of citizenship has not been established?

ANSWER:  Yes.

2.	Should this action be remanded to the Court of Common Pleas of Westmoreland County because there is no amount in controversy exceeding $75,000?

ANSWER:  Yes.

ARGUMENT

The burden of establishing federal jurisdiction falls on the removing party.  <u>Steel Valley Authority v. Union Switch and Signal Division</u>, 809 F.2d 1006, 1010, (3d Cir. 1987).  It is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.  Id. at 1010.  This policy has always been rigorously enforced by the courts.  <u>Samuel-Bassett v. KIA Motors America, Inc.</u>, 357 F.3d 392, 396 (2004).

A defendant may remove a civil action from state court to federal court if the federal court has original jurisdiction over the action.  28 U.S.C.A. § 1441(a).  For removal predicated upon diversity of citizenship, a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties.  <u>In re Briscoe</u>, 448 F.3d 201, 215 (3d Cir. 2006).  It is well-established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments

or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court.  Petroski v. Kmart Corp., 2012 WL 1899706 (M.D. Pa. 2013).  Upon a motion to remand, it is always the removing party's burden to prove the propriety of removal, and any doubts about the existence of federal jurisdiction must be resolved in favor of remand.  Fontan v. Janssen Research & Development, LLC, 2014 WL 2611211 (E.D. Pa. 2014).

*No diversity of citizenship.*

A party's citizenship is determined by their domicile.  Washington v. Hovensa, 652 F.3d 340, 344 (3d Cir. 2011).  Domicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely.  Id. at 344.  A person may only be a citizen of one state.  Williamson v. Osenton, 232 U.S. 619, 625, 34 S.Ct. 442, 443, 58 L.Ed. 758 (1914).  The fact that a person resides in a particular state is not, by itself, determinative of citizenship for the purpose of federal court jurisdiction.  Gilbert v. David, 235 U.S. 561, 569-570, 35 S.Ct. 164, 166-167, 59 L.Ed. 360 (1914).  As a general matter, what establishes citizenship is residence coupled with an intention to make the state of residence one's home, either permanently or indefinitely.  Id.; Krasnov v. Dinan, 465 F.2d 1298 (3d Cir. 1972) (it is insufficient to be a "resident" of a state because residence, by itself, does not establish domicile).

"It is essential, in cases where the jurisdiction depends upon the citizenship of the parties, that such citizenship, or the facts which in legal intendment constitute it, should be

distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record. It is not sufficient that jurisdiction may be inferred argumentatively from the averments." Wolfe v. Hartford Life & Annuity Ins. Co., 148 U.S. 389, 13 S.Ct. 602, 37 L.Ed. 493 (1893).

In the present case, Maydak does not state where he is domiciled. He claims not to be a citizen of Pennsylvania but does not say with specificity in what state, or country, he is a citizen. Instead, he claims he "could only be said to be a citizen of" five states and "may be considered a subject of" several countries. He does not provide a residence address, nor does he even identify in which state or country he resides. His removal notice lacks the particularity required to establish diversity of citizenship.

This Court cannot determine from his removal notice where Maydak is domiciled. Consequently, Maydak has failed to sustain his burden of showing he is domiciled outside of Pennsylvania, which is required for diversity of citizenship.

***Amount in controversy does not exceed $75,000.***

In addition to establishing diversity of citizenship, Maydak must show with "legal certainty" that there is an amount in controversy exceeding $75,000. 28 U.S.C.A § 1332 (a); Samuel-Bassett, supra. Greensburg's Complaint is in equity and seeks an order to compel Maydak to abate property maintenance code violations. Greensburg does not seek to recover money damages unless Maydak should fail to comply with an order directing him to abate the violations or demolish the dwelling and it is left to Greensburg to

demolish the structure, then in that event Greensburg seeks a judgment against Maydak for the cost of the demolition.   Therefore, pursuit of money damages is not the essence of Greensburg's action and is entirely dependent on the court's order and Maydak's future conduct.

Maydak alleges "the cost and damage to [him] would exceed $75,000 to complete the demolition and rebuild the house" and that demolition and removal of materials will exceed $75,000.  (Notice of Removal, ¶ 9).  These allegations are without factual support and ignore the facts alleged in the Complaint.  Certainly, the cost of rebuilding the dwelling after demolition is irrelevant to Greensburg's action.  The dwelling is described in the Complaint as suffering from numerous defects and is "in a state of severe dilapidation and disrepair and is unfit for human occupancy."  (Complaint, ¶ 16).  Any expectation that this blighted, uninhabitable property is valued in excess of the jurisdictional limit is nonsense.  Demolition costs are not alleged in the Complaint because they are conditional and are not the principal relief sought in the action, but are expected to be less than $10,000.  Even if the relief sought in this action can be translated into monetary value by considering the value of the dwelling or the cost of demolition, the amount involved does not come close to the jurisdictional limit as a legal certainty.

## CONCLUSION

A case is to be remanded to state court whenever it appears the district court lacks subject matter jurisdiction.  28 U.S.C.A. §1447(c).  This case should be remanded because

this Court cannot determine it has jurisdiction without resorting to speculation.  Neither diversity of citizenship nor the amount in controversy is established with sufficient particularity to permit this Court to retain jurisdiction.  Maydak's allegations of citizenship are inadequate to establish domicile outside Pennsylvania, and his claims that there is an amount in controversy exceeding $75,000 are unsupported by the facts and ignore the essential purpose of Greensburg's equity action.  The removal statutes are to be strictly construed in favor of remand.  Accordingly, this action should be remanded to the Court of Common Pleas of Westmoreland County.

                              Stewart, McArdle, Sorice, Whalen,
                              Farrell, Finoli & Cavanaugh, LLC


                              By  *Bernard T. McArdle*
                                 Bernard T. McArdle
                                 Attorney for City of Greensburg

                                 229 South Maple Avenue
                                 Greensburg, PA  15601-3242
                                 (724) 838-1016, ext. 10
                                 bmcardle@greensburglaw.com
                                 PA I.D. No. 33209

<u>CERTIFICATE OF SERVICE</u>

I certify that I did serve a copy of the foregoing document upon the following by first class U.S. mail, postage prepaid, this 21st day of April, 2015:

Keith Maydak
93 South Jackson Street, #7480
Seattle, WA 98104


Stewart, McArdle, Sorice, Whalen,
Farrell, Finoli & Cavanaugh, LLC


By   *Bernard T. McArdle*
    Bernard T. McArdle
    Attorney for City of Greensburg

    229 South Maple Avenue
    Greensburg, PA  15601-3242
    (724) 838-1016, ext. 10
    bmcardle@greensburglaw.com
    PA I.D. No. 33209