IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CITY OF GREENSBURG,** <br> Plaintiff, <br> <br> v <br> <br> **KEITH MAYDAK,** <br> Defendant. | ) <br> ) <br> ) <br> ) 2:15-cv-480 <br> ) <br> ) <br> ) <br> ) <br> ) |

### MEMORANDUM ORDER

On April 10, 2015 Defendant Keith Maydak ("Maydak"), acting pro se, filed a Notice of Removal of this action (ECF No. 1). The lawsuit had originally been filed by Plaintiff City of Greensburg in the Court of Common Pleas of Westmoreland County, Pennsylvania. Maydak asserts that removal jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332. On April 21, 2015, Plaintiff filed a MOTION FOR REMAND (ECF No. 4), with brief in support.

There are two fundamental requirements for removal jurisdiction based on diversity of citizenship: (1) there must be complete diversity of citizenship of the parties; and (2) the amount in controversy must exceed $75,000. The court has a duty to inquire, *sua sponte*, into its subject matter jurisdiction whether removal has been challenged or not. *See, e.g., Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506 (2006); *Huber v. Taylor,* 532 F.3d 237, 249 (3d Cir. 2008). In *Brown v. Jevic,* 575 F.3d 322, 326 (3d Cir. 2009), the Court of Appeals explained: "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." Further, the burden is on the removing party to demonstrate that jurisdiction is proper in this court. Thus, a party removing a case to federal court bears the burden of establishing the $75,000 jurisdictional

amount by a preponderance of the evidence. 28 U.S.C. § 1446; *Schillaci v. WalMart*, 2012 WL 4056758, at *2 (W.D. Pa. Sept. 14, 2012).

Upon review of the Notice of Removal and attachments, the Court concludes that removal is not proper in this instance, and therefore, the Court lacks subject-matter jurisdiction over this case. It appears that Maydak is not a citizen of Pennsylvania, such that the Court will assume that there is complete diversity of citizenship in this case. However, Maydak has failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

The initial Complaint filed in the state court by the City of Greensburg is attached to the Notice of Removal. The Complaint reflects that this action involves the demolition of a house due to Maydak's alleged failure to comply (in numerous respects) with the City's Property Maintenance Code ordinance. The City avers that the house is in a state of severe dilapidation and constitutes a hazard, danger and nuisance.

The Civil Cover Sheet completed by the City of Greensburg states that the amount in controversy is not less than $30,000. Maydak attempts to bootstrap the value of this case above the federal jurisdictional limit by alleging: (1) that the cost of demolition "**and replacement**" of the house would exceed $75,000; and (2) that the house is insured for an amount in excess of $100,000 as replacement value. Neither argument is persuasive. As an initial matter, Maydak has made only bald, conclusory statements of value which lack any factual or evidentiary support. He has not submitted any evidence that the cost of demolition (or alternatively, the cost to cure the alleged defects) would exceed $75,000. Moreover, the "replacement" cost of the house is entirely irrelevant, because replacement is not an element of demolition damages sought by the City of Greensburg. Maydak has not submitted any evidence that the fair market value of the existing house exceeds $75,000. The City of Greensburg asserts that he purchased the

property in 2006 for only $750.  Similarly, insurance coverage might become the subject of a separate dispute between Maydak and his insurer at some time in the future, but such is not an element of this lawsuit.  Maydak has not met his burden to show that the amount of controversy in this case exceeds $75,000.

Maydak also attempts to remove this case pursuant to 28 U.S.C. § 1443.  He baldly asserts (tracking the statutory text) that he is a person who is denied or cannot enforce in the state court a right under any law providing for equal civil rights.  However, Maydak has not met his burden to show that removal is proper under this theory.  As noted above, the underlying case involves a property maintenance ordinance, not civil rights.  In addition, Maydak has failed to demonstrate why he cannot enforce his rights and achieve a remedy in the state court.

In summary, because removal was not proper under the facts and circumstances of this matter, this Court lacks jurisdiction to hear this case.

AND NOW this 22nd day of April, 2015, it is hereby ORDERED, ADJUDGED AND DECREED that the MOTION FOR REMAND (ECF No. 4) is **GRANTED** and this action is hereby **REMANDED** to the Court of Common Pleas of Westmoreland County, Pennsylvania, forthwith.  The clerk shall docket this case closed.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge


cc:   **Bernard T. McArdle, Esquire**
      Email: bmcardle@greensburglaw.com

      **KEITH MAYDAK**
      c/o 93 South Jackson 7480
      Seattle, WA 98104
              **Via US Mail**